UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| TONY E. EMERY, | ) |
| Petitioner, | ) ) ) |
| v. | ) )  No. 2:20-cv-00322-JPH-DLP |
| WARDEN, | ) ) ) |
| Respondent. | ) |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 AND DIRECTING ENTRY OF FINAL JUDGMENT**

After he was found guilty of killing a federal witness, Tony Emery was sentenced to a term of life imprisonment. Mr. Emery is serving that sentence at the United States Penitentiary in Terre Haute, Indiana, located in the Southern District of Indiana. In this case, Mr. Emery seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, arguing that his conviction must be vacated. For the reasons that follow, Mr. Emery's petition is denied.

### I. Background

Mr. Emery was convicted by a jury of killing a federal witness in violation of 18 U.S.C. § 1512(a)(1)(C) and sentenced to life imprisonment. *See United States v. Emery*, No. 97-cr-6004-W-HFS (W.D. Mo. 1997). The victim was Christine Elkins, who had been cooperating with federal officials in an investigation of Mr. Emery's drug trafficking activities. *United States v. Emery*, 186 F.3d 921, 924 (8th Cir. 1999). Mr. Emery's conviction was affirmed by the Eighth Circuit. *Id.* at 927.

Mr. Emery then challenged his conviction and sentence through a motion for relief pursuant to 28 U.S.C. § 2255. *Emery v. United States*, 5:01-cv-6005-HFS (W.D. Mo. 2001). The district court denied his motion, *id.* dkt 30, and the Eighth Circuit denied a certificate of appealability. *See Emery v. United States*, No. 04-1595 (8th Cir. 2004). Mr. Emery later filed an amended § 2255 motion which was denied as untimely and frivolous. *Emery v. United States*, No. 5:01-cv-6005-HFS (W.D. Mo. 2001), dkt. 57.

Mr. Emery then filed a § 2241 motion in this Court arguing that "collateral estoppel principles embodied in the Fifth Amendment guarantee against Double Jeopardy/Due Process precludes the trial of the Petitioner on" his criminal indictment. *See Emery v. Warden*, 2:18-cv-142-WTL-MJD dkt. 16. The Court understood Mr. Emery's argument to be that both he and Herbert J. Emery cannot both be convicted for Ms. Elkins's death and rejected the argument, finding that Mr. Emery had already raised this claim in his § 2255 motion. *Id.* at 3–4.

Mr. Emery then filed this habeas petition under 28 U.S.C. § 2241. Because Mr. Emery raises a claim under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), the Court appointed counsel to represent him. Dkt. 6. The Warden filed a return to the order to show cause and appointed counsel filed a reply on Mr. Emery's behalf. Dkts. 18, 23.

## II. Section 2241 Standard

A petition for relief under 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Shepherd*

*v. Krueger*, 911 F.3d 861, 862 (7th Cir. 2018); *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015) (en banc). Under very limited circumstances, a prisoner may challenge his federal conviction or sentence with a petition for relief under 28 U.S.C. § 2241. *Webster*, 784 F.3d at 1124. This is because "[§] 2241 authorizes federal courts to issue writs of habeas corpus, but § 2255(e) makes § 2241 unavailable to a federal prisoner unless it 'appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the] detention.'" *Roundtree v. Krueger*, 910 F.3d 312, 313 (7th Cir. 2018). Section 2255(e) is known as the "savings clause."

The Seventh Circuit has held that § 2255 is "'inadequate or ineffective' when it cannot be used to address novel developments in either statutory or constitutional law, whether those developments concern the conviction or the sentence." *Roundtree*, 910 F.3d at 313 (*citing e.g., In re Davenport*, 147 F.3d 605 (7th Cir. 1998); *Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013); *Webster*, 784 F.3d at 1123). Whether § 2255 is inadequate or ineffective "focus[es] on procedures rather than outcomes." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002).

The Seventh Circuit construed the savings clause in *In re Davenport*, holding:

> A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense.

3

*In re Davenport*, 147 F.3d at 611. "[S]omething more than a lack of success with a [§] 2255 motion must exist before the savings clause is satisfied." *Webster*, 784 F.3d at 1136.[1]

Specifically, to fit within the savings clause following *Davenport*, a petitioner must meet three conditions: "(1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017); *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013).[2]

### III. Discussion

Mr. Emery's petition is long and somewhat difficult to follow. It appears his principal argument is that his conviction is invalid under three intervening Supreme Court decisions: *Fowler v. United States*, *United States v. Davis*, and *Rehaif v. United States*.

#### A. *Fowler v. United States*

*Fowler v. United States*, 563 U.S. 668 (2011), held "that § 1512 requires the government to show that, if the witness tampering had not occurred, there

---

[1] In *Webster*, the Seventh Circuit held that the savings clause would permit consideration of "new evidence that would demonstrate categorical ineligibility for the death penalty." *Webster*, 784 F.3d at 1125.

[2] The United States argues that statutory claims are not cognizable under §§ 2241 and 2255(e), but acknowledges that *Davenport* currently forecloses this contention. *See Roundtree*, 910 F.3d at 313 (acknowledging circuit split regarding *Davenport* conditions).

4

was a 'reasonable likelihood' that the witness would have communicated with *federal officers* about the underlying federal offense." *United States v. Snyder*, 865 F.3d 490, 494 (7th Cir. 2017) (emphasis in original).

The respondent concedes that Mr. Emery's *Fowler* claim satisfies the first and second *Davenport* requirements, agreeing that *Fowler* is a case of statutory interpretation that is retroactive and was previously unavailable. The respondent argues, however, that Mr. Emery has failed to establish the third *Davenport* requirement—that any error under *Fowler* in his case resulted in a miscarriage of justice.

To establish a miscarriage of justice, Mr. Emery must demonstrate that "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt," if they been properly instructed. *House v. Bell*, 547 U.S. 518, 537 (2006). As the Eighth Circuit explained in Mr. Emery's direct appeal, there was ample evidence to support the § 1512 charge:

> We believe, moreover, that on this record a reasonable jury could conclude that Ms. Elkins was cooperating with an agent of the federal Bureau of Alcohol, Tobacco, and Firearms (BATF), and that some part of Mr. Emery's motivation for killing her was to stop this cooperation. Ms. Elkins gave the BATF agent substantial information about Mr. Emery's activities that constituted federal crimes, agreed to testify if necessary, and attempted to record conversations with Mr. Emery about drug trafficking on a micro-cassette recorder provided by the BATF agent. During the planned meeting to which Ms. Elkins wore the recorder, Mr. Emery became aware of the presence of the BATF agent and a state officer, approached their vehicle, squatted down directly in front of the vehicle, and stared at the officers.
>
> Ms. Elkins later told the BATF agent that Mr. Emery accused her of cooperating with law enforcement, and threatened her for doing so. Just a few days later Ms. Elkins was dead and there was substantial

5

proof that Mr. Emery participated in killing her. We believe therefore that there was sufficient evidence to support a conclusion that at least part of Mr. Emery's motive for killing Ms. Elkins was to stop her cooperation with the BATF agent.

*Emery*, 186 F.3d at 925–26.

Considering this evidence, Mr. Emery has not demonstrated that, if properly instructed, no reasonable jury would have found him guilty beyond a reasonable doubt. He therefore has failed to show a miscarriage of justice and any right to relief under *Fowler*.

### B. *United States v. Davis*

*United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), involved a challenge to a sentencing enhancement under 18 U.S.C. § 924(c) for possessing, brandishing, or discharging a firearm "in relation to any crime of violence or drug trafficking crime." *Davis* held that § 924(c)(3)(B)'s definition of a "crime of violence"—"by its nature, involves a substantial risk that physical force against the person or property of another may be used"—was unconstitutionally vague. *Id.* at 2336.

Mr. Emery cannot obtain relief under *Davis* in this § 2241 petition. First, he was not convicted under § 924(c). Moreover, any *Davis* claim would fail the first *Davenport* requirement because *Davis* is a case of constitutional, not statutory interpretation.

### C. *Rehaif v. United States*

*Rehaif v. United States*, 139 S. Ct. 2191 (2019), involved a challenge to a conviction under 18 U.S.C. § 922(g), which makes it unlawful for certain

individuals to possess firearms. The Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200.

Mr. Emery cannot obtain relief under *Rehaif*. *Rehaif* discussed the construction of the intent section of § 922(g), and has no application to Mr. Emery's conviction under § 1512(a). And, to the extent that Mr. Emery argues that *Rehaif* applies to the intent element of § 1512(a) such that the government must prove he knew Ms. Elkins was speaking to federal law enforcement, he is mistaken. The Seventh Circuit has specifically stated that "the statute [§ 1512(a)] does not require proof that the defendant knew the federal status of the officer…." *Snyder*, 865 F.3d at 496.

### D. Other Arguments

Mr. Emery raises other, more general challenges to his conviction, but none satisfy the saving clause. For example, he argues that his conviction is improper because another person was also convicted of killing Ms. Elkins in a separate proceeding. Mr. Emery also appears to argue that he cannot have been found guilty under 18 U.S.C. § 2, which provides criminal liability for those who aid or abet a crime. But Mr. Emery states that he was convicted of murdering Ms. Elkins under 18 U.S.C. § 1512 and points to no record showing any conviction under 18 U.S.C. § 2. Thus, he cannot make an argument under 18 U.S.C. § 2 to support his claims. Mr. Emery's remaining arguments are therefore

7

understood to be challenges to the sufficiency of the evidence, which Mr. Emery could have raised before this § 2241 petition. In fact, he did challenge the sufficiency of the evidence in his direct appeal. *Emery*, 186 F.3d at 925. And he argued in his previous § 2241 petition that he cannot be guilty of the murder because someone else was also convicted of the crime. *Emery v. Warden*, 2:18-cv-142-WTL-MJD dkt. 16. He cannot bring the same claim in another § 2241 petition. 28 U.S.C. § 2244(a). Mr. Emery has identified no basis to support relief under § 2241 for this argument.

## IV. Conclusion

For the foregoing reasons, Tony Emery's petition for a writ of habeas corpus is **denied**. His motion for the court to take judicial notice of facts, dkt. [24], is **denied as moot**.

Judgment dismissing this action with prejudice shall now issue.

**SO ORDERED.**
Date: 3/15/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

8